HERMAN WESLEY CLARY,

                   Petitioner,

-vs-                                       Case No.  8:11-cv-189-T-17EAJ

SECRETARY, DEPT. OF CORRECTIONS,

                   Respondent.

_____/

## ORDER

     This cause is before the Court on Petitioner Herman Wesley Clary's 28 U.S.C. § 2254 petition for writ of habeas corpus.  Clary challenges his conviction and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.  A review of the record demonstrates that, for the following reasons, the petition must be **denied**.

## PROCEDURAL HISTORY

     Clary was found guilty of seven counts of handling and fondling a child under 16 years of age, as charged; and lewd and lascivious act in the presence of a child under 16 years of age, as charged. (Exh. 033, R. 3-6). A notice of appeal was filed on April 30, 2001; Case No. 2D01-2176. (Exh. 001).  Clary raised the following issues on appeal:

ISSUE I: DID THE COURT ERR BY REVOKING APPELLANT'S PROBATION AFTER DENYING THE DEFENSE MOTION TO SUPPRESS STATEMENTS MADE TO PROBATION OFFICER WITHOUT *MIRANDA* WARNING IN

VIOLATION OF PROBATION CASE WHICH INVOLVED SUBSEQUENT CRIMINAL OFFENSE FOR WHICH APPELLANT WAS IN JAIL UNDER ARREST AT THE TIME AFTER HAVING PREVIOUSLY EXERCISED HIS RIGHTS TO REMAIN SILENT AND TO HAVE COUNSEL APPOINTED IN THE SUBSEQUENT CRIMINAL OFFENSE CASE?

(Exh. 002).

On November 22, 2002, the state district court of appeal per curiam affirmed the judgment and sentence. *Clary v. State*, 835 So. 2d 1120 (Fla. 2d DCA 2002)(table). (Exh. 005). The Mandate issued December 18, 2002. (Exh. 006; case docket sheet).

On or about December 16, 2003, Clary filed a rule 3.850 motion for postconviction relief. (Exh. 007). In his motion, Clary alleged the following grounds:

1. CONVICTION WAS OBTAINED BY A PLEA OF GUILTY WHICH WAS INVOLUNTARILY INDUCED BY TRIAL COUNSEL'S MISADVICE ABOUT THE CONSEQUENCES OF THE PLEA.

2. DEFENDANT HAS DISCOVERED NEW EVIDENCE WHICH CONCLUSIVELY ESTABLISHES HIS INNOCENCE TO THE CHARGE OF VIOLATION OF PROBATION.

On September 4, 2004, the state trial court denied the rule 3.850 motion. (Exh. 008). Clary appealed the denial of relief. (Exh. 009). Clary raised the following issues:

I. THE LOWER COURT ERRED BY DENYING GROUND ONE IN THAT THE DEFENDANT'S 3 CONSECUTIVE FIFTEEN YEAR SENTENCES IS AN ILLEGAL SENTENCE.

II. THE LOWER COURT ABUSED ITS DISCRETION BY NOT REVERSING REVOCATION OF PROBATION UPON NOTIFICATION OF DEFENDANT'S NOT GUILTY VERDICTS FOR THE NEW CRIMES INITIATING VIOLATION.

On April 13, 2005, the state district court of appeal per curiam affirmed the denial of rule 3.850 postconviction relief. *Clary v. State*, 902 So. 2d 143 (Fla. 2d DCA 2005). (Exh. 012). The Mandate issued May 11, 2005. (Exh. 013).

On September 25, 2006, Clary filed a rule 3.800 motion to correct illegal sentence. (Exh. 014). On May 30, 2007, the state trial court denied Clary's rule 3.800 motion to correct illegal sentence. (Exh. 017). Clary appealed. (Exh. 018). On February 15, 2008, the state district court of appeal per curiam affirmed the denial of rule 3.800 relief. *Clary v. State*, 976 So. 2d 1102 (Fla. 2d DCA 2008). (Exh. 022). The Mandate issued March 7, 2008. (Exh. 023).

On March 5, 2009, Clary filed a rule 3.850 motion for post conviction relief "predicated upon newly acquired information which *could not* have been discovered by defendant through the exercise of due diligence prior to March 30, 2007." (Exh. 024). On March 18, 2009, the state trial court denied the rule 3.850 motion. (Exh. 025). On April 1, 2009, Clary filed a motion for rehearing. (Exh. 026). On May 22, 2009, the state trial court denied the motion for rehearing. (Exh. 027). Clary appealed. On March 12, 2010, the state district court of appeal per curiam affirmed the denial of postconviction relief. *Clary v. State*, 29 So. 3d 1125 (Fla. 2d DCA 2010). (Exh. 031). The mandate issued April 9, 2010. (Exh. 032).

Clary signed the present 28 U.S.C. § 2254 petition on January 24, 2011 raising two ground for relief.

## STANDARDS OF REVIEW -- GOVERNING PRINCIPLES

### Federal Question

Title 28 U.S.C. § 2254 explicitly requires a federal court to entertain an application for writ of habeas corpus only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Wainwright v. Goode*, 464 U.S. 78 (1983)(citing *Engle v. Isaac,* 457 U.S. 1141 (1982)); *Smith v. Phillips*,

455 U.S. 209 (1982). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

## Exhaustion and Procedural Default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b),(c). To properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Pursuant to the procedural default doctrine, a state prisoner seeking federal habeas corpus relief who fails to raise his federal constitutional claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), or the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent," as contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986).[1]

_____

[1] The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Id.,* 477 U.S. at 488. To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

The fundamental miscarriage of justice exception concerns a petitioner's "actual"

## The AEDPA's Anchors

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas retrials and to ensure state-court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685 (2002). Under § 104 of the AEDPA, § 2254(d) now forbids federal courts from granting habeas relief for claims that previously were "adjudicated on the merits" in state court, unless the petition can establish that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court law, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2). When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state law procedural principles to the contrary. *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011). Where the state court does explain its reasoning, that decision receives AEDPA deference even if the state court fails to cite -- or is not even aware of -- relevant Supreme Court precedent. *Childers v. Floyd*, 2011 WL 2162083 (11th Cir. June 2, 2011)(citing *Early v. Packer,* 537 U.S. 3, 8 (2002) (per curiam).

---

innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo,* 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Schlup,* 513 U.S. at 324.

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This language requires an examination of the state court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398–1401 (2011).

In addition, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." *Robinson v. Moore*, 300 F.3d 1320, 1342 (11th Cir. 2002). The federal court will presume the correctness of state court findings of fact unless the petitioner is able to rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

Congress, in passing the AEDPA also erected additional barriers limiting a habeas petitioner's right to discovery or an evidentiary hearing. *Crawford v. Head*, 311 F.3d 1288, 1328-1329 (11th Cir. 2002). Under 28 § 2254(e)(2), if a habeas applicant "has failed to develop the factual basis of a claim in state court proceedings, the [federal] court shall not hold an evidentiary hearing on the claim" unless he shows --

(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.*

None of Clary's grounds rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2254(e)(2)(A)(i). He does not rely on "a factual predicate that could not have been previously discovered through the exercise of due diligence." Id. § 2254(e)(2)(A)(ii). Moreover, his allegations, even if adduced, would not entitle him to relief, and he cannot develop a factual basis that he did not diligently investigate and pursue in state court. Accordingly, he is not entitled to an evidentiary hearing on the nine grounds in his federal petition.

## DISCUSSION

In the present petition, Clary raises the following grounds for relief:

GROUND ONE: THE TRIAL COURT HAD NO SUBJECT MATTER JURISDICTION IN WHICH TO IMPOSE A TERM OF INCARCERATION FOR VIOLATION OF PROBATION DENIED DUE PROCESS.

GROUND TWO: PETITIONER IS BEING DEPRIVED OF HIS LIBERTY BECAUSE HE WAS CHARGED WITH VIOLATING PROBATION BY BEING ARRESTED. HE WAS LATER ACQUITTED AT JURY TRIAL. ARREST ALONE IS INSUFFICIENT TO VIOLATE PROBATION.

### Ground One

Clary asserts that he was denied due process because the trial court had no subject matter jurisdiction to impose a term of incarceration for violation of probation. This claim is without merit.

Clary's claim reads:

THE TRIAL COURT HAD NO SUBJECT MATTER JURISDICTION IN WHICH TO IMPOSE A TERM OF INCARCERATION FOR VIOLATION OF PROBATION [sic] DENIED DUE PROCESS.

In support of his claim, Clary alleges:

The state charged petitioner with violating his probation specifically referencing only counts I and II. After receiving testimony that petitioner was arrested, the Court violated the probation and imposed a term of 15 years incarceration concurrent for the two counts on the violation of affidavit. Thereafter, without jurisdiction or authority, imposed sentence on each of the uncharged counts of 3 through 8, in violation of affidavit dated 9/28/2000; sentence imposed 4/30/2001, affidavit amended to include counts 3-8 3/30/2007.

Clary raised this claim in his March 5, 2009, rule 3.850 motion for post conviction relief "predicated upon newly acquired information which *could not* have been discovered by defendant through the exercise of due diligence prior to March 30, 2007." (Exh. 024).

<u>The Claim Has no Merit</u>

First, "As a general rule, federal habeas relief is not available for errors in the interpretation of state sentencing law." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed. 2d 385 (1991). However, the imposition of an unauthorized sentence may violate the defendant's due process rights. *Hicks v. Oklahoma*, 447 U.S. 343, 346, 100 S.Ct. 2227, 65 L.Ed. 2d 175 (1980). The purpose of a federal habeas proceeding is review of the lawfulness of the petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. *Coleman v. Thompson*, 501 U.S. 722 (1991). Issues of pure state law are not cognizable in a federal habeas corpus action. *Carrizales v. Wainwright*, 699 F.2d 1053, 1045-55 (11th Cir. 1983). Federal courts hold no supervisory authority over state judicial proceedings and can interfere only to correct errors of constitutional dimension. *Smith v. Phillips*, 455 U.S. 209 (1982). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

Clary has failed to establish that the trial court did not have the authority under Florida state law to impose sentences for counts three through eight. Since the State is permitted to file an amended affidavit as to counts three through eight, the trial court properly sentenced Clary as to those counts. *Hicks v. State*, 367 So. 2d 726 (Fla. 4th DCA 1979); *see Smith v. State,* 673 So. 2d 133 (Fla. 5th DCA 1996); *Pate v. State*, 613 So. 2d 543 (Fla. 1st DCA 1993).

Ground one does not warrant habeas corpus relief.

**Ground Two**

Clary alleges that he is being deprived of his liberty because he was charged with violating probation even though he was acquitted at jury trial of the charges on which the violation of probation was based. Clary violated his probation by committing a new offense (lewd and lascivious acts on a child under the age of sixteen). On April 30, 2001, an evidentiary hearing was held on Clary's violation of probation. The trial court heard testimony and argument and found that Clary violated condition eight of his probation. Clary subsequently was found not guilty by a jury of the lewd and lascivious charge.

Condition eight of Petitioner's order of probation states "that a conviction in a court of law is not necessary in order to constitute a violation of probation." (Exh. 33, R. 13). "It has long been the law that a new criminal charge can result in a violation of probation even if the defendant is acquitted of the new offense." *Russ v. State*, 313 So. 2d 758 (Fla.), *cert. denied*, 423 U.S. 924, 96 S.Ct. 267, 46 L.Ed. 2d 250 (1975); *State v. Green*, 667 So. 2d 959 (Fla. 2d DCA 1996); *See Robbins v. McNeil*, 2009 WL 464982 (Fla. M.D. 2009)(defendant entered no contest plea in affidavit for community control so fact that judgment and sentence was subsequently vacated is irrelevant), slip copy. The trial court found: "the evidence for revocation

need only be sufficient to satisfy the conscience of the court that the violation occurred." *Rock v. State*, 749 So. 2d 566 (Fla.3d DCA 2000)."

Ground two does not warrant habeas corpus relief.

## Application of the AEDPA

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This language requires an examination of the state court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398–1401 (2011). Clary has not shown that the state court adjudications "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law.

In addition, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." *Robinson v. Moore*, 300 F.3d 1320, 1342 (11th Cir. 2002). The federal court will presume the correctness of state court findings of fact unless the petitioner is able to rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). Clary has not rebutted the state court findings of fact with clear and convincing evidence.

Accordingly, the Court orders:

That Clary's petition is denied. The Clerk is directed to enter judgment against Clary and to close this case.

## CERTIFICATE OF APPEALABILITY AND

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on January 4, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Herman Wesley Clary